AMY, J.,
dissenting.
|,I respectfully dissent from the majority opinion as I conclude that the judgment establishing the predial servitude must be reversed.
This case pointedly inquires whether the Louisiana Civil Code articles regarding precarious possession are applicable to a party attempting to acquire a predial servitude via acquisitive prescription. In my opinion, those articles are applicable.
As pointed out by the plaintiff, La.Civ. Code art. 722 (emphasis added) provides that:
Predial servitudes are established by all acts by which immovables may be transferred. Delivery of the act of transfer or use of the right by the owner of the dominant estate constitutes tradition.
However, as I appreciate this case, the plaintiff is only now attempting to establish that right by acquisitive prescription. Notably, the plaintiff has not otherwise established the right either by authentic act or by act under private signature. See La.Civ.Code art. 1839 (providing that “a transfer of immovable property must be made by authentic act or by act under private signature. Nevertheless, an oral transfer is valid between the parties when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath.”). See also La.Civ.Code art. 740 (providing that “[a]p-parent servitudes may be acquired by title, by destination of the owner, or by acquisitive prescription.”).
IgOtherwise, La.Civ.Code art. 742 broadly provides that: “The laws governing acquisitive prescription of immovable property apply to apparent servitudes.” I find nothing in the Civil Code that removes the requirement of adverse possession from those seeking to establish a predial servitude by acquisitive prescription, as in this case. Instead, La.Civ.Code art. 3437 provides that: “The exercise of possession of a thing with the permission of or on behalf of the owner or possessor is precarious possession.” In turn, La.Civ.Code art. 3477 provides: “Acquisitive prescription does not run in favor of a precarious possessor or his universal successor.”
*801 While the plaintiff argues that La.Civ. Code art. 3437 is inapplicable to acquisitive prescription of a predial servitude as the Article relates to “possession of a thing” and the plaintiff is attempting to establish possession of a “right,” I do not find this distinction helpful in light of La.Civ.Code art. 742’s provision that the laws of acquisitive prescription are applicable to apparent servitudes. See also La.Civ.Code art. 470 (classifying a predial servitude as an incorporeal immovable); La.Civ.Code art. 448 (referencing an immovable as a type of “thing”).
Jurisprudence offers little guidance in support of either interpretation. But see La.Civ.Code art. 3437, comment (b) (stating that: “According to civilian tradition and modern civil codes, there is a clear distinction between possession and detention. Possession is the exercise of physical acts of use, enjoyment, or detention over a thing with the intent to own it; detention or precarious possession is the exercise of factual authority over a thing with the permission of or on behalf of the owner or possession. The precarious possessor ... does not intend to own the thing he detains.”) See also 4 A.N. Yiannopoulas, La. Civ. L. Treatise, Predial Servitudes § 6.35 (4th ed.)(wherein Chapter 6, entitled “Conventional Servitudes: Creation by Title, Acquisitive Prescription and Destination[,]” explains that the requisite possession for acquisitive prescription “must be an unauthorized use that 1¡¡infringes on the ownership of the servient estate. One who merely exercises a right has nothing to prescribe.”). See also Id. at § 6.36 (discussing precarious possession within the creation of servitudes context and stating that: “Thus, one who uses a servitude of passage by virtue of a lease granted to him by the owner of the dominant estate may not acquire by prescription the servitude of passage for himself, and one who uses an aqueduct with the express or tact permission of the owner of the estate on which the aqueduct is located may not, by prescription, acquire a servitude of aqueduct.”).
For these reasons, I find that the concept of precarious possession is applicable to this situation involving acquisitive prescription of a predial servitude. Further, based on the facts in this record, I think it is clear that the plaintiff had permissive use of the passage. Trial testimony established, not only the defendant’s ancestor-in-title’s seeming acceptance of that passage, but the ancestor-in-title’s own use thereof. At one point, the ancestor-in-title requested that the gate be moved to another point on the property. The plaintiff moved the gate as requested and notably did so using materials provided by the ancestor-in-title. Additionally, third parties accessed both parties’ property through the gate, doing so for their own purposes. Given this evidence of what I consider to be permissive possession, I find that the plaintiff did not satisfy his burden of proving existence of the servitude by acquisitive prescription.
For these reasons, I would reverse the trial court’s ruling.